1
2
3
4
5
6
7
8                      UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   EMMANUEL WYATT, et al.,                    No. 1:21-cv-00455-DAD-JDP

12              Plaintiffs,                      ORDER DENYING DEFENDANTS'
                                                 MOTION FOR JUDGMENT ON THE
13        v.                                     PLEADINGS

14   COUNTY OF STANISLAUS, et al.,               (Doc. No. 74)

15              Defendants.

16

17          This matter is before the court on the motion for judgment on the pleadings filed by

18   defendants on August 15, 2024. (Doc. No. 74.) On September 12, 2024, the motion was taken

19   under submission on the papers. (Doc. No. 77.) For the reasons explained below, the court will

20   deny defendants' motion for judgment on the pleadings.

21                                       **BACKGROUND**

22          On March 18, 2021, plaintiffs Emmanuel Wyatt and Makeda Wyatt filed their operative

23   complaint against defendants County of Stanislaus, Diana Torres, Araceli Figueroa, Jones, Denise

24   Aguilar, Julie Bartlett, and Claudia Llamas. (Doc. No. 1.) Plaintiffs' complaint alleges the

25   following.

26          Plaintiffs are the parents of seven minor children. (*Id.* at ¶ 5.) On April 8, 2019, social

27   workers entered plaintiffs' home pursuant to a search warrant. (*Id.* at ¶ 59.) The social workers

28   did not have a warrant to seize or remove the children. (*Id.* at ¶ 60.) Nonetheless, that same day,

                                                1

defendants removed all seven of plaintiffs' children from the home.  (*Id.* at ¶ 63.)  There were no

exigent circumstances justifying the removal of the children in the absence of a warrant, and

plaintiffs did not consent to the removal of their children.  (*Id.* at ¶¶ 81–82.)  On May 17, 2019,

the juvenile court determined that it had jurisdiction over the children.  (*Id.* at ¶ 96.)  On May 22,

2019, the juvenile court ordered that the children be returned to plaintiffs but that the case would

remain open and defendants' oversight would continue.  (*Id.* at ¶ 97.)  As a result of the conduct

of defendants, plaintiffs suffered severe emotional distress to such an extent as to cause physical

manifestations of pain and symptoms of nausea and severe depression.  (*Id.* at ¶ 99.)  Plaintiffs

developed an abiding fear and distrust of authority figures and particularly social workers, and the

incident of removal caused plaintiffs humiliation and embarrassment and loss of reputation in the

community.  (*Id.* at ¶¶ 99–100.)

Based on the above, plaintiffs assert the following three claims against defendants:
(1) removal of plaintiffs' children in violation of plaintiffs' Fourteenth Amendment right to
familial association against the individual defendants; (2) continued separation of plaintiffs from
their children in violation of plaintiffs' Fourteenth Amendment right to familial association
against the individual defendants; (3) a *Monell* claim for removal and continued separation in
violation of plaintiffs' Fourteenth Amendment right to familial association against County of
Stanislaus.  (*Id.* at ¶¶ 270–87.)  Plaintiffs seek compensatory damages, punitive damages,
statutory damages and/or attorney's fees, and such other relief as the court may deem just and
proper.  (*Id.* at 25.)

Defendants moved for judgment on the pleadings on August 15, 2024.  (Doc. No. 74.)
Plaintiffs filed their opposition to that motion on September 16, 2024.  (Doc. No. 78.)  On
September 19, 2024, defendants filed their reply thereto.  (Doc. No. 79.)

## LEGAL STANDARD

A party may move to dismiss a claim under Federal Rule of Civil Procedure 12(b)(7) for
"failure to join a party under Rule 19."  Fed. R. Civ. P. 12(b)(7).  Federal Rule of Civil Procedure
19, which governs the circumstances under which persons must be joined as parties to a lawsuit,
provides in relevant part:

(a) Persons Required to Be Joined if Feasible.

(1) Required Party.  A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:

(A) in that person's absence, the court cannot accord complete relief among existing parties; or

(B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:

(i) as a practical matter impair or impede the person's ability to protect the interest; or

(ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1).  If it is not feasible for the court to join a person meeting the requirements of Rule 19(a), then pursuant to Rule 19(b), the court "must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed."  Fed. R. Civ. P. 19(b).

Thus, when applying Rule 19, "there are three successive inquiries."  *Equal Emp. Opportunity Comm'n v. Peabody W. Coal Co.*, 400 F.3d 774, 779 (9th Cir. 2005).  First, the court must determine whether an absent party is "necessary" to the action.  *See Makah Indian Tribe v. Verity*, 910 F.2d 555, 558 (9th Cir. 1990).  "If an absentee is a necessary party under Rule 19(a), the second stage is for the court to determine whether it is feasible to order that the absentee be joined."  *Peabody W. Coal. Co.*, 400 F.3d at 779.  Finally, if joinder of the absentee is not feasible, "the court must determine whether the case can proceed without the absentee, or whether the absentee is an 'indispensable party' such that the action must be dismissed."  *Id.*  "The inquiry is a practical one and fact specific, and is designed to avoid the harsh results of rigid application."  *Makah Indian Tribe*, 910 F.2d at 558 (internal citations and quotations omitted).  "The moving party has the burden of persuasion in arguing for dismissal."  *Id.*  In considering a motion under Rule 12(b)(7), the court may consider evidence outside of the pleadings.  *See McShan v. Sherrill*, 283 F.2d 462, 464 (9th Cir. 1960).

/////

3

1    **ANALYSIS**

2    **A.    Parties' Arguments**

3         In their motion, defendants argue that plaintiffs' children must be joined or else judgment

4    on the pleadings must be granted because plaintiffs' children are necessary parties to this action.

5    (Doc. No. 74-1 at 1.)  Defendants' motion rests primarily on Federal Rule of Civil Procedure

6    19(a)(1)(B)(i), which states that an absent party is necessary when they have an interest in the

7    subject of the action, and disposing of the action in their absence may as a practical matter impair

8    or impede their ability to protect the interest.  (Doc. No. 74-1 at 3–4.)

9         Specifically, defendants argue that here, as in *Aguilar v. Los Angeles County*, 751 F.2d

10   1089, 1094 (9th Cir. 1985), the absent children have an interest because they may be deemed in

11   privity with their parents.  (Doc. No. 74-1 at 3–4.)  In *Aguilar*, the plaintiffs brought a medical

12   malpractice action based on the defendants' alleged negligence in treating their son.  751 F.2d

13   1090–91.  The Ninth Circuit determined that if the plaintiff parents failed to establish that the

14   medical provider was negligent, that finding could have preclusive effect on the son's action

15   against the medical provider because the son could be found to be in privity with his parents.  *Id.*

16   at 1092.  As such, the son had an interest in the parents' action.  *Id.* at 1094.  Here, defendants

17   contend that if plaintiffs fail to establish that there were no exigent circumstances to remove the

18   children from plaintiffs' home, that finding may have preclusive effect in a future action by the

19   children arising out of the removal because the children may be found to be in privity with their

20   parents.  (Doc. No. 74-1 at 3–4.)

21        Defendants also acknowledge that since *Aguilar*, later Ninth Circuit decisions have

22   "added the consideration of whether the interests of the absent parties will be adequately

23   protected or represented by an existing party."  (Doc. No. 74-1 at 4) (citing *Washington v. Daley*,

24   173 F.3d 1158, 1167 (9th Cir. 1999)); *see also Maverick Gaming LLC v. United States*, 123 F.4th

25   960, 973 (9th Cir. 2024) ("As a practical matter, an absent party's ability to protect its interest

26   will not be impaired by its absence from the suit where its interest will be adequately represented

27   by existing parties to the suit.").  Defendants argue that "because minors must be appointed a

28   guardian ad litem to represent their interests in this court, it cannot dispositively be said that the

4

1    parents would be able to adequately represent the interests of their children in this case." (Doc.

2    No. 74-1 at 4.)  Further, "courts have rejected parents as guardian ad litem when the underlying"

3    issues stem from "alleged abuse or neglect on the basis of a potential conflict of interest." (*Id.*)

4    (citing *A.H. v. Sacramento Cnty. Dep't Child, Fam. & Adult Servs.*, No. 2:21-cv-00690-KJM-

5    JDP, 2021 WL 4263317, at *2 (E.D. Cal. Sept. 20, 2021)) (declining to appoint children's mother

6    as their guardian *ad litem* in suit for violation of Fourteenth Amendment rights arising out of

7    children's removal from a home because the underlying allegations precipitating removal risked a

8    conflict of interest).

9         Defendants also briefly argue that defendants "have a strong interest in being involved in

10    one action rather than several actions, and would be better off in a single action where the liability

11    issue will be decided consistently as to all plaintiffs." (Doc. No. 74-1 at 3.)  This argument

12    appears to invoke Rule 19(a)(1)(B)(ii), pursuant to which a party is necessary where the party

13    "claims an interest relating to the subject of the action and is so situated that disposing of the

14    action in the person's absence may . . . leave an existing party subject to a substantial risk of

15    incurring double, multiple, or otherwise inconsistent obligations because of the interest."

16         Defendants do not argue that it would be infeasible to join the absent parties, instead

17    submitting that they "are unaware of any reason why the minor children cannot be joined to this

18    action." (Doc. No. 74-1 at 5.)

19         In their opposition to the pending motion, plaintiffs argue that the absent children are not

20    necessary because where the absent party is aware of the action, a finding that the absent party is

21    necessary "is contingent . . . upon an initial requirement that the absent party *claim* a legally

22    protected interest relating to the subject matter of the action." (Doc. No. 78 at 2) (quoting *United

23    States v. Bowen*, 172 F.3d 682, 689 (9th Cir. 1999)).  Plaintiffs argue that since they have not

24    asserted claims on behalf of their children, the court should not second-guess this decision. (*Id.*)

25         Plaintiffs also argue that even if the absent children claim an interest, they can adequately

26    represent the children's interests. (Doc. No. 78 at 3.)  "Because many of [p]laintiffs' claims in

27    this action are contingent upon proving that the removal of their minor children was unlawful,

28    [p]laintiffs undoubtedly have the incentive to zealously litigate that issue." (*Id.*)

Finally, plaintiffs argue that proceeding without the minor children would not leave defendants subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations. (*Id.*) First, plaintiffs argue that inconsistent obligations are distinct from inconsistent adjudications. (*Id.*) "Inconsistent obligations occur when a party is unable to comply with one court's order without breaching another court's order concerning the same incident. Inconsistent adjudications or results, by contrast, occur when a defendant successfully defends a claim in one forum, yet loses on another claim arising from the same incident in another forum." (*Id.*) (quoting *Cachil Dehe Band of Wintun Indians v. California*, 547 F.3d 962, 976 (9th Cir. 2008) (citation omitted). Second, if the removal of the children by defendants was wrongful, plaintiffs' children would be entitled to their own damages separate and apart from plaintiffs' damages. (Doc. No. 78 at 4.)

In their reply, defendants argue that the cases plaintiffs cite are distinguishable. (Doc. No. 79 at 2–4.) Defendants also belatedly and cursorily assert that, pursuant to Rule 19(a)(1)(A), the absent children are necessary because the court cannot accord complete relief in their absence. (Doc. No. 79 at 2.)[1]

**B.    Whether the Absent Children Are Necessary Parties[2]**

      1.    <u>Whether the Absent Children Have an Interest Relating to the Subject of the Action</u>

As a preliminary matter, the court agrees with defendants that plaintiffs' children have an interest in the instant action. As defendants explain, a finding in this action that exigent circumstances warranted the removal of the children from the home may have preclusive effect

---

[1]  The court declines to address this argument raised for the first time in reply. *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) ("The district court need not consider arguments raised for the first time in a reply brief.").

[2]  Here, no party suggests that any of the absent children cannot be joined. Accordingly, the focus of the present dispute is whether those parties are "necessary" and therefore must be joined. As a result, the court need not struggle with the question of whether the absent children are "indispensable" or, relatedly, whether judgment on the pleadings is appropriate in their absence. *N. Coast Rivers All. v. United States Dep't of the Interior*, No. 1:16-cv-00307-DAD-SKO, 2021 WL 5054394, at *5 (E.D. Cal. Nov. 1, 2021).

on plaintiffs' children in any future action arising out of the removal brought against defendants, and this risk qualifies as an interest in the action pursuant to Rule 19(a)(1)(B).  *See Aguilar*, 751 F.2d at 1094 (affirming the district court's finding that the plaintiffs' son "had an interest in his parents' action that could be impaired under the California law of collateral estoppel"); *Takeda v. Nw. Nat. Life Ins. Co.*, 765 F.2d 815, 821 (9th Cir. 1985) ("*Aguilar* makes clear that we need not conclusively determine how collateral estoppel would operate in future litigation. . . .  We find that a significant possibility exists that the relationship between Northwestern and Microdata is sufficiently close so that Microdata could be collaterally estopped from relitigating issues decided against Northwestern in this proceeding.").

However, as defendants acknowledge, the inquiry does not end there.  *Est. of Mendez v. City of Ceres*, 390 F. Supp. 3d 1189, 1202 (E.D. Cal. 2019).  An absent party with an interest in the action is not necessary unless the absent party is "so situated that disposing of the action in the person's absence may:  (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest."  Fed. R. Civ. Proc. 19(a)(1)(B).

        2.    <u>Whether the Children's Absence Would Impair or Impede Their Ability to Protect Their Interest</u>

"As a practical matter, an absent party's ability to protect its interest will not be impaired by its absence from the suit where its interest will be adequately represented by existing parties to the suit."  *Maverick Gaming LLC*, 123 F.4th at 973 (quoting *Alto v. Black*, 738 F.3d 1111, 1127 (9th Cir. 2013)); *see also Washington*, 173 F.3d at 1167 (same).  The Ninth Circuit has held that whether an existing party may adequately represent the absent party's interests depends on three factors:  "(1) whether the interests of a present party to the suit are such that it will undoubtedly make all of the absent party's arguments; (2) whether the party is capable of and willing to make such arguments; and (3) whether the absent party would offer any necessary element to the proceedings that the present parties would neglect."  *Maverick Gaming LLC*, 123 F.4th at 973.

/////

7

Here, plaintiffs and their children have a shared interest in establishing that exigent circumstances warranting the removal of the children from their home were absent. Plaintiffs' own claims rely on such a finding, and the children's potential claims against defendants would suffer from a preclusive finding to the contrary. *Rogers v. Cnty. of San Joaquin*, 487 F.3d 1288, 1294 (9th Cir. 2007) ("The Fourteenth Amendment guarantees that parents will not be separated from their children without due process of law except in emergencies. Officials violate this right if they remove a child from the home absent information at the time of the seizure that establishes reasonable cause to believe that the child is in imminent danger of serious bodily injury and that the scope of the intrusion is reasonably necessary to avert that specific injury. The Fourth Amendment also protects children from removal from their homes absent such a showing.") (internal citations omitted). Given that the absent children's only interest in the pending action is shared with plaintiffs, plaintiffs would appear to be in a position to adequately represent the absent children's interest. In a comparable case, the district court found the same:

> Here the substantive due process claims of the absent family members derive from, and are dependent on, proof that the existing plaintiff suffered constitutional injury. Since the existing plaintiff must prove constitutional injury to prevail in the present suit, the interests of the parties are perfectly aligned. Moreover, because the parties allegedly share a familial relationship, the plaintiff has an additional incentive to protect the absent parties' interests. Thus, the plaintiff can properly be characterized as the virtual representative of the absent parties.

*Moss v. Gates*, No. 00-cv-07164-GAF-AJW, 2001 WL 1403045, at *2 (C.D. Cal. Nov. 6, 2001).

Defendants argue that plaintiffs cannot adequately represent the absent children based on an analogy to guardian *ad litem* appointments. Namely, where a parent and her children brought civil rights claims based on wrongful removal of the children, the district court declined to appoint the parent as guardian *ad litem* for the children due to a potential conflict given the allegations precipitating the removal. *A.H.*, 2021 WL 4263317, at *2. The risk animating such a finding in the guardian *ad litem* context is that the purportedly abusive or negligent parent might control the child's litigation "to advocate facts presenting [the parent] in the best possible light." *A.A. v. Cnty. of Riverside*, No. 14-cv-02556-VAP-KK, 2015 WL 13817621, at *2 (C.D. Cal. Mar. 10, 2015); *see also Kulya v. City & Cnty. of San Francisco*, No. 06-cv-06539-JSW, 2007

WL 760776, at *2 (N.D. Cal. Mar. 9, 2007) ("A parent with a conflict of interest is no longer a 'fit' parent for the narrow purposes of controlling litigation decisions on behalf of the child.") (citation omitted).

Unlike in the guardian *ad litem* context, in this context no party speaks on behalf of or otherwise controls the litigation of the absent party. And while plaintiffs might raise certain arguments that the children would not raise (e.g., arguing certain purported abuse or neglect never occurred or otherwise portraying the parents in a positive light), the test for adequate representation in this context asks whether the present party would undoubtedly make all the arguments the absent party would make, not the reverse. *Cf. Lennar Mare Island, LLC v. Steadfast Ins. Co.*, 139 F. Supp. 3d 1141, 1154 (E.D. Cal. 2015) (Plaintiffs "have the same if not a greater interest[.]"). Because the children's only interest in the instant action is protecting their future claim against defendants, that interest would not be adversely affected by a factual finding that the purported abuse or neglect did not occur.[3] As such, the court knows of no argument the

---

[3] The court also notes that the absent children do not have any other interest in the instant action. For example, the children's interest in future removal proceedings would not be affected by this suit because factual findings in this case would not have collateral estoppel effect on a juvenile dependency proceeding. *In re Desiree B.*, 8 Cal. App. 4th 286, 293 (1992). As noted by California courts in determining whether family law factual findings have collateral estoppel effect on juvenile dependency proceedings, "the 'issues' . . . can never, in fact, be 'identical,' even if some or all of the facts of abuse or neglect adduced in the two proceedings are the same, because of the important differences between the purposes and operations of the two courts, and . . . the state's overriding concern for the protection of the children." *Id.* (citation omitted) ("[T]he juvenile court, with its inclusion of the state as a litigant and it[s] provision[] for the appointment of counsel to represent the minor, is the best forum for consideration of issues concerning custody when the child comes within one of the descriptions contained in section 300."); *see also In re Katherine A.*, No. B309881, 2021 WL 5294996, at *5–*6 (Cal. Ct. App. Nov. 15, 2021), *as modified on denial of reh'g* (Dec. 6, 2021) ("It is well established that the litigation of custody issues in family court does not estop the juvenile court from considering factually identical issues in dependency proceedings. . . . [E]ven if the family court had found against mother on the merits of her application, that finding would not have precluded the juvenile court from exercising jurisdiction over the children based on the same factual allegations because the juvenile court had an independent obligation under state law to protect the children from physical and emotional injury."); *In re Benjamin D.*, 227 Cal. App. 3d 1464, 1470 (1991) ("The purposes and parties of family law and juvenile proceedings, while often overlapping, are not the same. The family law court adjudicates the rights of private parties vis-a-vis each other. The juvenile court takes into account the interest of the state as the guardian of persons with legal disabilities. . . . A juvenile court must not shut its eyes to facts pointing to the threat of future injury just because those facts may have been previously aired in a family law forum.").

children would make that plaintiffs would not or could not make, and "[d]efendants point to no

necessary element" the absent children would bring to the proceedings that plaintiffs would

neglect. *Henry v. Rizzolo*, No. 2:08-cv-00635-PMP, 2011 WL 2975539, at *4 (D. Nev. July 21,

2011). The court therefore finds that the children's sole interest in the action is adequately

represented by the plaintiffs in this action for purposes of Rule 19.

3.   <u>Whether the Children's Absence Would Leave Defendants Subject to a Substantial</u>

<u>Risk of Incurring Double, Multiple, or Otherwise Inconsistent Obligations</u>

The Ninth Circuit has clarified the definition of inconsistent obligations as follows:

> [I]nconsistent obligations are not the same as inconsistent
> adjudications or results. Inconsistent obligations occur when a party
> is unable to comply with one court's order without breaching another
> court's order concerning the same incident. Inconsistent
> adjudications or results, by contrast, occur when a defendant
>
> successfully defends a claim in one forum, yet loses on another claim
> arising from the same incident in another forum.

*Cachil Dehe Band of Wintun Indians of the Colusa Indian Cmty.*, 547 F.3d at 976 (citation

omitted). Because plaintiffs seek only monetary relief for harm to themselves (Doc. No. 1 at 20,

25), a possible future suit brought by plaintiffs' children based on harm to the children could not

result in multiple or inconsistent *obligations*. *See Blumberg*, 204 F.R.D. at 455 ("The City

complains that because the underlying facts of this case, and any case brought by an absent family

member, would be the same, it faces the potential for multiple and inconsistent judgments if it

wins the first case and loses a later one. But multiple and inconsistent adjudications are not the

same as inconsistent *obligations*. . . . Thus, the fact that the City might obtain different results in

different cases does not establish a basis for Rule 19 joinder."); *Mangiaracina v. BNSF Ry. Co.*,

No. 16-cv-05270-JST, 2018 WL 368600, at *4 (N.D. Cal. Jan. 11, 2018) ("Moreover, even if

Defendants are found liable in both actions, they would not face 'double' liability since the

injuries are distinct.").

      In sum, although the absent children have an interest relating to the subject of this action,

that interest would be adequately represented by plaintiffs and defendants are not at risk of

/////

10

1  multiple or inconsistent obligations.[4]  Therefore, the absent children are not necessary parties, and

2  they need not be joined.

3                                    **CONCLUSION**

4          For the reasons set forth above:

5      1.      The motion for judgment on the pleadings filed by defendants (Doc. No. 74) is

6              DENIED; and

7      2.      Plaintiffs' motion for summary judgment (Doc. No. 65) remains pending.

8          IT IS SO ORDERED.

9  Dated:   **March 11, 2025**                         _Dale A. Drozd_

10                                          DALE A. DROZD
                                            UNITED STATES DISTRICT JUDGE

---

[4]  The court need not and does not reach the question of whether the absent children "claim[]" an
interest in the present action.  Fed. R. Civ. P. 19(a)(1)(B).

                                            11